Exempt from VRA while sealed.
Screen for VRA when made public.

Agency Case Number:_____

> **To Clerk:**
> 1. This affidavit must be kept sealed until charges related to the warrant are filed. It may be unsealed and made confidential four years after the warrant is issued. Crim. R. 37(e)(1) & (3).
> 2. When you unseal the affidavit after charges are filed, you must inspect it to determine if it contains confidential information under the Victim's Rights Act as provided in Admin. Bulletin 53 sec. IV before releasing it to the public.

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA AT ANCHORAGE.

In the Matter of:                    )
                                     )
SEARCH WARRANT AUTHORIZING           )
ELECTRONIC MONITORING                )
  3AN-18                             )
Court No. 3283 SW                    )
                                     )

**Affidavit Supporting Request For Electronic Monitoring Warrant**
(to monitor and record a conversation in which one participant has consented to the recording)

Being first duly sworn, I, _____ Inv. Levi Russell _____, state that:

1. I am ☒ a police officer ☐ a detective ☒ a state trooper/investigator
   ☐ currently assigned to a <u>Statewide Drug Enforcement Unit</u> investigation unit. ☐

2. Criminal charges ☐ have ☒ have not been filed concerning this matter.
   If charges have been filed, the court case number is : _____

3. I have reason to believe that statements about criminal activity will be made as follows:

   The person expected to make the statements is <u>Jordan Andrew Newton (DOB ▓ 5/1982)</u>
   _____
   (name/ nickname/ alias of suspected person)

   Description: ☒ Male   ☐ Female
                ☒ Caucasian ☐ Black ☐ Hispanic ☐ Alaska Native ☐ _____
   Approximate age: 36   Other: _____

   The statements are expected to be made ☒ in person  ☒ by telephone/text message to
   <u>James Buster Bowen (DOB ▓ /1993)</u> who will be in or near (city & state) <u>Kenai & Soldotna, AK</u>

   The statements are expected to occur between the dates of _____ 10/24/18 _____
   and _____ 11/23/18 _____.

Page 1 of 6
CR-708wt (3/07)
AFFIDAVIT SUPPORTING REQUEST FOR ELECTRONIC MONITORING WARRANT

AS 12.35.010 - .120
Criminal Rules 37 & 53

**Exhibit A, Page 1 of 4**

Case 3:19-cr-00037-SLG   Document 18-1   Filed 04/18/19   Page 1 of 4

Bowen_Only_00000033

3AN-18-3283SW

Agency Case Number: _____

The conversation is expected to include statements about criminal activity involving:
☒ controlled substances    ☐ theft
☐ sexual assault/abuse
☐ _____

Description of Expected Statements: <u>Statements regarding a shipment of heroin being delivered to Newton by Bowen</u>

Such statements, if made, will constitute evidence:

☒ of a violation of AS <u>AS 11.71.010-060</u>

☐ that <u>Jordan Andrew Newton (DOB (  /1982)</u> committed the particular crime of
<u>MICS AS 11.71.010-060</u>

## Supporting Facts

> NOTE: The following points should be addressed in your statement of facts. A warrant may not be issued until probable cause for the search has been shown. You should explain:
> 1. Who was observed. (names or other identifiers)
> 2. When did the observations take place. (date and time of events)
> 3. Who made the observations. (neighbor, police officer, informant)
> 4. Why were the observations made. (for example, if from informant, why the informant was involved and why the information should be relied upon)
> 5. What was observed. (give full description of events)
> 6. Where did the observations take place. (as specific as circumstances allow)
> 7. How were the observations made. (visual, verbal, under other warrant)
> 8. Any other relevant information.

The facts that establish the grounds for issuing a warrant are:
Levi Russell has been employed with Kenai Police Department since June of 2008 as a sworn, commissioned police officer and has an Advanced Police Officer Certification from the Alaska Police Standards Council. He graduated from the Tanana Valley Campus Law Enforcement Academy in May of 2008 and during his employment as a police officer he has received on the job field training. He has received training in a broad range of topics including, but not limited to, criminal and statutory law, criminal procedure, search and seizure, and alcohol and drug related investigations. Officer Russell has been involved in several Driving Under the Influence investigations as a police officer, and has received training and experience regarding recognition and field sobriety testing of impaired drivers. Officer Russell has been a Drug Recognition Expert since July of 2014. Officer Russell is currently assigned as an investigator to the Statewide Drug Enforcement Unit under the Alaska State Troopers.

On Wednesday October 24, 2018 at approximately 1640 hours, Inv. Russell was advised of a suspicious passenger who was attempting to fly from Kenai to Anchorage. The passenger was identified as James Bowen (DOB   /1993). Bowen arrived at the airport as his flight was boarding, he then went out to his vehicle, and missed his flight. Bowen did not request a refund and proceeded to buy a ticket to Anchorage on Grant Airlines with

Page 2 of 6    AS 12.35.010 - .120
CR-708wt (3/07)    Criminal Rules 37 & 53
AFFIDAVIT SUPPORTING REQUEST FOR ELECTRONIC MONITORING WARRANT

**Exhibit A, Page 2 of 4**

cash. Bowen was able to board the Grant flight and travel to Anchorage. Inv. Russell learned from Ravn and Grant Airlines that Bowen did not have any return tickets booked. Bowen left his pickup parked at the airport.

Bowen's original ticket on Ravn Airlines was purchased by Holli Driver (DOB /1994). Driver has three convictions from 2016 for MICS IV for possessing a Schedule IA Controlled Substance. Bowen has a conviction from 2013 for attempted MICS IV.

~~On October 19, 2018 Inv. Russell received a tip from KPD Lt. Langham that Nick Bowen, Bowen's brother, was suspected of selling heroin.~~

*Confirmed via phone to strike this sentence HAS for clarity sake*

At approximately 1845 hours, Inv. Russell was contacted by the Kenai Police Department dispatch center. The employees at Grant Aviation contacted KPD when it was learned that Bowen had booked a one way flight back to Kenai and paid with cash. Bowen was scheduled to land in Kenai at 1930 hours. Inv. Russell learned that Bowen did not have any checked luggage on either of his flights but had a backpack for a carry on when he flew to Anchorage.

Based on Inv. Russell's training and experience and from speaking with other investigators, he knows that it is common for persons involved in the distribution of controlled substances in communities throughout the United State and Alaska to employ third party couriers or "mules" to transport controlled substances for them. This technique distances drug dealers from product in transit, and also limits the detection of controlled substance shipments by law enforcement because dealers use mules that may not already be known by law enforcement. In cases where a mule is employed, the mule's airline ticket is usually purchased by the dealer or another third party associated with the dealer (a third party). Upon delivery of the controlled substances the mule is usually compensated monetarily or compensated with user-quantities of the drugs that were transported. Mules will generally fly on "one-way" tickets so that law enforcement cannot anticipate their return flights.

Inv. Russell and Inv. MacDonald were at the Kenai Airport when the Grant Flight that Bowen was traveling on landed. Inv. Russell observed Bowne enter the airport from the runway. Bowen was carrying a blue Dakine backpack. Bowen bypassed the baggage claim area and proceeded towards the exit. Inv. Russell contacted Bowen as he was exiting the building. Inv. Russell identified himself as Law Enforcement to Bowen, since both Inv. Russell and Inv. MacDonald were in plain clothes.

Inv. Russell asked to speak with Bowen and they went to an area of the airport that away from the crowds. Bowen stated that he had flown to Anchorage on Ravn Airlines and had purchased a return ticket. Bowen stated he flew to Anchorage to visit with his father who was going to the slope the following morning. He stated he need to pick up somethings he left in Anchorage at his father's residence. He indicated he flew back on Grant because the flight left sooner.

Bowen stated that he was being picked up at the airport by his girlfriend. Bowen was confronted about the serious of events, specifically about flying to Anchorage on Ravn Airlines and how the characteristics of his trip were consistent with someone transporting

Page 3 of 6
CR-708wt (3/07)
AFFIDAVIT SUPPORTING REQUEST FOR ELECTRONIC MONITORING WARRANT

AS 12.35.010 - .120
Criminal Rules 37 & 53

**Exhibit A, Page 3 of 4**

Case 3:19-cr-00037-SLG   Document 18-1   Filed 04/18/19   Page 3 of 4

Bowen_Only_00000035

3AN-18-3283SW

Agency Case Number:_____

the person whose statements are seized to be delayed for a reasonable period of not more than 90 days. I request this in order to

☐ avoid jeopardizing a confidential informant's safety.
☐ avoid impairing a confidential informant's investigative efforts in other cases.
☒ allow time for continuing investigations in
    ☒ this case.
    ☒ other cases involving this suspect.
    ☐ other cases involving illegal activities by other persons at the same location.
☒ <u>Other cases involving additional suspects who do business with Newton</u>

Explanation: _____

_____
Signature
Levi Russell
Printed Name
Investigator / AST
Title and Agency Name

Subscribed and sworn to or affirmed before me on October 25, 2018, at Kenai, Alaska.

Notary Public
NANCY WILES
State of Alaska
My Commission Expires June 21, 2019

_____
Judge/Magistrate/Clerk of Court/Notary Public
or other person authorized to administer oaths
My commission expires: 6/21/19

☐ Additional testimony related to this affidavit is recorded on Tape/CD #_____

beginning #_____ ending #_____.

Page 6 of 6
CR-708wt (3/07)
AS 12.35.010 - .120
Criminal Rules 37 & 53
AFFIDAVIT SUPPORTING REQUEST FOR ELECTRONIC MONITORING WARRANT